UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER VOGT, | ) |
|           Plaintiff, | ) |
|     v. | ) No. 1:21-cv-00774-SEB-TAB |
| CINDY WEISNER Nurse, BIDDLE Deputy, GREENLEE Sgt., | ) |
|           Defendants. | ) |

**Order Granting Motion for Summary Judgment**

Plaintiff Jennifer Vogt brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants failed to ensure proper medical treatment after she fell and broke her ribs while in custody at the Bartholomew County Jail.

The defendants move for summary judgment arguing that Ms. Vogt failed to exhaust her available administrative remedies before filing this lawsuit. Ms. Vogt has not responded to the motion. For the following reasons, the motion for summary judgment is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the

adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Ms. Vogt failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Facts

Ms. Vogt was incarcerated at the Bartholomew County Jail from September 15, 2020, to June 1, 2021. Dkt. 33-1 at 2, ¶ 5. In her complaint, Ms. Vogt alleged that on September 28, 2020, she fell in her cell in the medical wing of the jail and broke her ribs. Dkt. 1 at 2. Sgt. Greenlee, Deputy Riddle, and Nurse Weisner failed to send her to the hospital, request x-rays, or provide other medical care. *Id.*

The jail has an inmate grievance procedure, which is set forth in the Inmate Handbook. Dkt. 33-1 at 1−2, ¶ 3. The grievance policy states: "Any and all complaints or grievances concerning the jail's condition, functions, or staff, will be forwarded to the administrative staff of

the jail." *Id.* at 5. Under the grievance procedure, a grievance must be submitted within 72 hours of the occurrence. *Id.* An inmate can appeal to the jail commander if unsatisfied with the response to the grievance. *Id.*

Upon being booked into the jail, Ms. Vogt completed an intake checklist and signed an acknowledgement that stated, "I have read and understand the Jail Rules." *Id.* at 10. Ms. Vogt submitted eight grievances during her incarceration. Dkt. 33-1 at 11–18. None concerned the alleged failure to provide medical attention after she fell and broke her ribs. *Id.*

### III. Discussion

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).

While a prisoner "must exhaust available remedies," he "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Exhaustion is an affirmative defense, and the defendant bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing the suit. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

The undisputed evidence shows that Ms. Vogt never filed a grievance about her fall and the alleged denial of medical care. Ms. Vogt's other grievances demonstrate that she was familiar with the grievance process and that it was available to her. Accordingly, the defendants are entitled to summary judgment, and the action must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendants' motion for summary judgment, dkt. [32], is **granted**. This action is **dismissed without prejudice**.

IT IS SO ORDERED.

Date: 3/4/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JENNIFER VOGT
c/o William Vogt
520 8th St.
Columbus, IN 47201

All Electronically Registered Counsel